UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AMERICAN ASSOCIATION FOR
JUSTICE a/k/a ASSOCIATION OF
TRIAL LAWYERS OF AMERICA,

Civil File No. 07-cv-04626 JNE/JJG

**SECOND AMENDED COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

THE AMERICAN TRIAL
LAWYERS ASSOCIATION, INC.
a/k/a THE ATLA, and J. KEITH
GIVENS

Defendants

---

Plaintiff American Association for Justice (AAJ) a/k/a Association of Trial Lawyers of America ("AAJ/ATLA"), for its Second Amended Complaint against The American Trial Lawyers Association, Inc. and J. Keith Givens (collectively "TATLA") states and alleges as follows:

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Plaintiffs' Minnesota state law claims, because those claims are related to claims within the Court's original jurisdiction and form part of the same case or controversy.

**PARTIES**

2.      Plaintiff AAJ/ATLA is a nonprofit corporation organized under the laws of the District of Columbia, with its principal place of business located at 1050 31st

Street NW, Washington, DC.  AAJ/ATLA is the world's largest trial bar with more than 56,000 members worldwide, including Minnesota.

3.     Upon information and belief, The American Trial Lawyers Association, Inc. is a corporation organized under the laws of the State of Alabama, with its principal place of business located at Suite 825, 505 North 20th Street, Birmingham, Alabama. Upon information and belief, The American Trial Lawyers Association, Inc. purports to be an organization of trial lawyers, which conducts a variety of commercial activities related to the legal industry.

4.     Upon information and belief, J. Keith Givens is an individual resident of the State of Alabama.  Upon information and belief, Givens is a founder and member of the executive committee of The American Trial Lawyers Association, Inc., and has personally taken part in and specifically directed the actions of The American Trial Lawyers Association, Inc. alleged herein.

## FACTS

5.     Since at least 1974, AAJ/ATLA has continuously used the ATLA® mark in interstate commerce to indicate membership in its association, and, *inter alia,* in connection with the promotion and sale of its educational seminars and conferences.

6.     On February 10, 1976, the United States Patent and Trademark Office ("USPTO") granted AAJ/ATLA's application to register the ATLA® mark on the Principal Register for "indicating membership in applicant."  A true and correct copy of AAJ/ATLA's certificate of registration for United States Trademark Registration No. 1,033,400 is attached as Exhibit A.

7.      On March 2, 1976, the USPTO granted AAJ/ATLA's application to register the ATLA® mark on the Principal Register for "providing seminars and meetings for attorneys."   A true and correct copy of AAJ/ATLA's certificate of registration for United States Trademark Registration No. 1,035,037 is attached as Exhibit B.

8.      AAJ/ATLA's registrations for the ATLA® mark are incontestable, valid, subsisting, and in full force and effect.

9.      Since at least 1972, AAJ/ATLA has continuously used the distinctive mark ASSOCIATION OF TRIAL LAWYERS OF AMERICA in interstate commerce throughout the United States to indicate membership in its association, and, *inter alia,* in connection with the promotion and/or sale of its educational seminars, conferences and publications.

10.      AAJ/ATLA's longstanding use of its ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks includes use of these marks in connection with the publication and distribution of a magazine titled *Trial*, which is distributed to members of AAJ/ATLA and other members of the legal community.

11.      AAJ/ATLA has expended substantial effort and expense advertising and promoting, *inter alia*, its association and services under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

12.      As a result of AAJ/ATLA's efforts, the purchasing public in Minnesota and throughout the United States has come to know, rely upon, and recognize various association and other services sold by AAJ/ATLA under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

3

13.     As a result of AAJ/ATLA's long use, advertising and promotional efforts, and significant expenditures, AAJ/ATLA has acquired valuable common law rights in the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

### Defendants' Infringing Conduct

14.     Upon information and belief, Givens formed The American Trial Lawyers Association, Inc. in 2007 to trade upon the substantial goodwill established by AAJ/ATLA in the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

15.     TATLA has used the terms THE ATLA and THEATLA in connection with its advertisement, promotion and sale of association and other services.  Attached as Exhibit C is a true and correct copy of TATLA's promotional literature utilizing these terms.

16.     On March 20, 2007, TATLA filed two separate applications, Application Serial Nos. 77,135,190 and 77,135,741, with the USPTO seeking federal registration of marks incorporating the term THE ATLA for use in connection with "[a]ssociation services, namely, promoting the interests of lawyers."  Attached as Exhibits D and E are true and correct copies of TATLA's applications to register these marks.

17.     On June 28, 2007, the USPTO refused registration of TATLA's marks "because of a likelihood of confusion with [AAJ/ATLA's] mark in U.S. Registration Nos. 1033400 and 1035037."  In its Office Actions refusing registration of TATLA's marks, the USPTO correctly observed that TATLA's marks are "essentially phonetic equivalents" of AAJ/ATLA's ATLA® mark; that "[t]he literal portions of both marks are nearly identical in appearance, sound, and meaning;" and that the services of AAJ/ATLA

and TATLA "are highly related."  Thus, the USPTO concluded that "confusion as to source is likely" between AAJ/ATLA's ATLA® mark and those of TATLA.  Attached as Exhibits F and G are true and correct copies of the USPTO Office Actions refusing to register TATLA's marks.

18.     TATLA has also used the term AMERICAN ASSOCIATION OF TRIAL LAWYERS in connection with its advertisement, promotion and sale of association and other services.  This term merely rearranges the words of AAJ/ATLA's ASSOCIATION OF TRIAL LAWYERS OF AMERICA mark, and is nearly identical in appearance, sound, and meaning to AAJ/ATLA's longstanding ASSOCIATION OF TRIAL LAWYERS OF AMERICA mark.

19.     In or around October 2008, TATLA substantially expanded the nature and scope of its infringing conduct through the publication and distribution of a magazine titled *The American Trial Lawyer*.  In its text, this magazine claims to be published by U.S. Legal Publications.  Upon information and belief, this organization is a sham organized and controlled by TATLA.

20.     Upon information and belief, TATLA has widely distributed this magazine to attorneys throughout the United States, most of whom: (1) are not members of Defendant The American Trial Lawyers Association, Inc.; (2) never requested the magazine; and (3) have no other affiliation with TATLA.

21.     TATLA has also registered, maintained and used various Internet domain names incorporating AAJ/ATLA's distinctive ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks (or confusingly similar variants thereof).  Such Internet domain names include:

- theatla.com
- theatla.net
- theatla.org
- theatlainc.com
- theatlainc.org
- theatlallc.com
- theatlallp.com
- theatlapc.com
- theatlapc.org
- theatlatravel.com
- atlahalloffame.com
- theatlahalloffame.com
- theatlahalloffame.org
- atlainc.com
- atlainc.net
- atlainc.org
- atlaroundtable.com
- atlaroundtable.org
- associationoftriallawyersofamerica.com
- associationoftriallawyersofamerica.net
- associationoftriallawyersofamerica.org
- theassociationoftriallawyersofamerica.com
- americantriallawyersassociation.com
- americantriallawyersassociation.net
- americantriallawyersassociation.org
- americantriallawyersassociation.us
- theamericantriallawyerassociation.com
- theamericantriallawyersassociation.net
- theamericantriallawyersassociation.org
- americantriallawyersassoc.com
- theamericantriallawyerassoc.com
- theamericantriallawyers.com
- theamericantriallawyers.org
- theamericantriallawyerassoc.com
- theamericantriallawyerhalloffame.com

(collectively, the "Domain Names").

22.     At least some of the Domain Names were first registered, advertised, promoted and used after AAJ/ATLA first brought this Action.

23.     TATLA has no valid trademark or other intellectual property rights in the Domain Names.

24.     TATLA has made no prior use of the Domain Names in connection with the bona fide offering of any goods or services.

25.     TATLA has acted with an intent to divert consumers and others seeking the online location of AAJ/ATLA to sites accessible under the Domain Names for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of such sites.

26.     TATLA has also registered, advertised, promoted and used the vanity telephone number 1.866.665.ATLA.

27.     TATLA began use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER with full knowledge of AAJ/ATLA's prior use of and registrations for the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

28.     TATLA did not ask or obtain AAJ/ATLA's permission to use the terms THE ATLA, THEATLA,  THE AMERICAN TRIALS LAWYER'S ASSOCIATION or THE AMERICAN TRIAL LAWYER  in conjunction with TATLA's services and activities.

29.     TATLA currently promote, sell, and offer to sell their goods and/or services in association with the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in commerce in the United States, including Minnesota.

80399800.1

30.     On information and belief, TATLA adopted the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in an effort to trade on the good will existing in connection with the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, or to otherwise lead consumers to believe that there was some connection or affiliation between Defendants' goods and/or services and those of AAJ/ATLA.

31.     On information and belief, by using the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER, TATLA is intentionally trading on AAJ/ATLA's considerable goodwill in the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

32.     On information and belief, TATLA has intentionally confused consumers in the United States as to the source or affiliation of goods and/or services sold in association with the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER.

33.     TATLA' unauthorized use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in the manner described above is likely to cause confusion, to cause mistake, and/or deceive customers and potential customers of the parties.

34.     TATLA's unauthorized use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in the manner described above falsely indicates to the purchasing public that

TATLA's goods and/or services originate with, or are affiliated, connected or associated with services sold under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

35.    TATLA's unauthorized use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in the manner described above falsely designates the origin of TATLA's goods and/or services.

36.    TATLA's unauthorized use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in the manner described above enables them to trade on and receive the benefit of goodwill in AAJ/ATLA's ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, which AAJ/ATLA has established at great labor and expense over several years.  TATLA's unauthorized use also enables them to gain acceptance for their own services, not solely on their own merits, but on the reputation and goodwill of AAJ/ATLA and its ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

37.    TATLA's unauthorized use of the terms THE ATLA, THEATLA, THE AMERICAN TRIALS LAWYER'S ASSOCIATION and THE AMERICAN TRIAL LAWYER in the manner described above deprives AAJ/ATLA of the ability to control the nature and quality of services provided under its marks and places the valuable reputation and goodwill of AAJ/ATLA in the hands of TATLA, over whom AAJ/ATLA has no control.

9

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

38.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 37 above.

39.     The actions of TATLA constitute infringement of AAJ/ATLA's federally registered ATLA® mark.

40.     On information and belief, the actions of TATLA has been willful, with full knowledge of AAJ/ATLA's rights in the registered ATLA® mark, and with an intent to trade on AAJ/ATLA's goodwill in such registered trademark.  The conduct of TATLA makes this an exceptional case under 15 U.S.C. § 1117(a).

41.     As a result of the wrongful conduct of TATLA, AAJ/ATLA is entitled to the injunctive remedies specified in the Prayer For Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT II:  FEDERAL UNFAIR COMPETITION

42.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 41 above.

43.     The actions of TATLA constitute trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

44.     On information and belief, the trademark infringement and unfair competition of TATLA has been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

45.     As a result of the wrongful conduct of TATLA, AAJ/ATLA is entitled to the injunctive remedies specified in the Prayer For Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

80399800.1

## COUNT III:  FEDERAL CYBERPIRACY

46.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 45 above.

47.     TATLA has registered and maintains the Domain Names that incorporate or are confusingly similar to AAJ/ATLA's distinctive ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

48.     TATLA registered and/or acquired ownership of the Domain Names and commenced use of the Domain Names with actual knowledge of AAJ/ATLA's ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

49.     The unlawful acts of TATLA as describe above were and continue to be committed by TATLA with a bad faith intent to profit from the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

50.     The Domain Names are confusingly similar to the distinctive ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

51.     TATLA's acts constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

52.     As a result of TATLA's wrongful conduct, AAJ/ATLA is entitled to the injunctive remedies specified in the Prayer for Relief, transfer of the Domain Names, statutory damages in the amount of $100,000 per domain name and/or damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT IV:  TRADEMARK INFRINGEMENT
## UNDER MINNESOTA COMMON LAW

53.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 52 above.

54.     The actions of TATLA constitute trademark infringement in violation of the common law of Minnesota.  On information and belief, such infringement has been willful.

55.     As a result of the wrongful conduct of TATLA, AAJ/ATLA is entitled to the injunctive remedies specified in the Prayer For Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT V:  DECEPTIVE TRADE PRACTICES
## UNDER THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

56.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 55 above.

57.     The actions of TATLA in Minnesota constitute willful and knowing deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

58.     The actions of TATLA in Minnesota have caused and will continue to cause AAJ/ATLA irreparable harm unless enjoined.

59.     As a result of the wrongful conduct of TATLA, AAJ/ATLA is entitled to the injunctive remedies specified in the Prayer For Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

80399800.1

## COUNT VI:  DETERMINATION THAT TATLA IS NOT
## ENTITLED TO REGISTRATION OF THE MARKS THE ATLA OR THEATLA

60.     AAJ/ATLA restates and realleges each of the allegations set forth in paragraphs 1 through 59 above.

61.     Pursuant to 15 U.S.C. § 1119, AAJ/ATLA requests that the Court determine that TATLA has no right to registration of its pending trademark applications consisting in whole or in part of the terms THE ATLA, or THEATLA, or any other colorable imitation of the ATLA® mark.

62.     AAJ/ATLA further requests that the Court order the Director of the USPTO to refuse to register TATLA's marks reflected in Application Serial Nos. 77,135,190 and 77,135,741.

### PRAYER FOR RELIEF

WHEREFORE, AAJ/ATLA prays for entry of judgment against TATLA as follows:

A.     Permanently enjoining Givens and The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them from using the marks or terms ATLA®, ASSOCIATION OF TRIAL LAWYERS OF AMERICA, THE ATLA, THEATLA, THE AMERICAN TRIAL LAWYER'S ASSOCIATION, THE AMERICAN TRIAL LAWYER, or any other colorable imitation of the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

B.     Requiring Givens and The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, to deliver to the court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, promotional items, promotional literature, and advertisements in their possession or control which utilize or incorporate the marks or terms ATLA®, ASSOCIATION OF TRIAL LAWYERS OF AMERICA, THE ATLA, THEATLA, THE AMERICAN TRIAL LAWYER'S ASSOCIATION, THE AMERICAN TRIAL

LAWYER, or any other colorable imitation of the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, together with all plates, molds, matrices, and other means of making the same;

C.     Directing the Director of the United States Patent and Trademark Office to refuse registration of TATLA's pending trademark applications serial nos. 77,135,190 and 77,135,741.; and any other application by TATLA to register THE ATLA, THEATLA, or any other colorable imitation of the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

D.     Requiring Givens and The American Trial Lawyers Association, Inc. to immediately transfer to AAJ/ATLA, without consideration, the Domain Names and any other domain name registered or maintained by Givens, The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, that is identical or confusingly similar to the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

E.     Requiring Givens and The American Trial Lawyers Association, Inc. to immediately notify in writing the registrar(s) of the Domain Names of AAJ/ATLA's rights in the Domain Names and requesting that the Domain Names and any other Internet domain name registered or maintained by Givens, The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, that is identical or confusingly similar to the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks be immediately transferred without consideration to AAJ/ATLA.

F.     Requiring Givens and The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, to maintain the status of the Domain Names, including but not limited to the prompt and timely payment of any outstanding fees to the registrar(s) of the Domain Names so that the registration does not expire prior to their transfer to AAJ/ATLA.

G.     Permanently enjoining Givens, The American Trial Lawyers Association, Inc., their officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, from using or trafficking in the Domain Names, from transferring the Domain Names to any individual or entity other than AAJ/ATLA, and from registering, using, transferring or trafficking in any other domain name confusingly similar to the ATLA®

and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, or any other AAJ/ATLA trademark or service mark.

H.    Awarding AAJ/ATLA all damages sustained as a result of TATLA's wrongful activities, trebled where permissible;

I.    Directing an accounting of TATLA's profits resulting from their wrongful activities and that such profits be paid over to AAJ/ATLA, increased as the Court finds to be just under the circumstances of this case;

J.    Awarding AAJ/ATLA statutory damages in the amount of $100,000 per Domain Name, pursuant to 15 U.S.C. § 1117(d).

K.    Awarding AAJ/ATLA its attorneys' fees and costs as allowed by law;

L.    Awarding prejudgment and post-judgment interest on all sums awarded; and

M.    Awarding such other and further relief as the Court may deem just, equitable and appropriate.


Date:  December 5, 2008              **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


                                    /s/ Christopher K. Larus
                                    Christopher K. Larus (226828)
                                    Busola A. Akinwale (338217)
                                    2800 LaSalle Plaza
                                    800 LaSalle Avenue
                                    Minneapolis, MN 55402-2015
                                    Telephone: (612) 349-0116
                                    Facsimile: (612) 339-4181

                                    **ATTORNEYS FOR PLAINTIFF**

15